# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**Case No. 8:19-cv-1363-T-36SPF**

MARIO SCOTT,

Plaintiff

vs.

UNITED PARCEL SERVICE,

Defendant.

_ /

**DECLARATION OF FRED DORE**

I, Fred Dore, declare as follows:

1. My name is Fred Dore. I am over the age of eighteen, am competent to testify, and the stated facts in this declaration are within my personal knowledge.

2. I have been employed by United Parcel Service, Inc. (Ohio) ("UPS") for approximately 28 years. I am currently a Labor Relations Manager in UPS's Florida District, a position I have held for 2 years.

3. UPS is a unionized company that is organized by the International Brotherhood of Teamsters. Much of UPS's hourly workforce, including individuals employed in Package Handler and Package Car Driver positions, are members of UPS's bargaining unit. As such, the employment of those bargaining unit employees is subject to the terms and conditions of UPS's collective bargaining agreement (CBA), true and correct excerpts from which are attached as an exhibit to Defendant's Motion for Summary Judgment.

4. In my position as the company's Labor Relations Manager, I am very familiar with the terms and conditions of the CBA. Article 46 of the CBA ("Acquisition of Seniority") requires that newly hired employees complete a thirty working day "probationary" period before they obtain seniority under the contract. After they complete this probationary period, employees are placed on the company's regular seniority list, and that list controls the order in which interested employees are selected for promotion or transfer to vacant bargaining unit positions.

5. The CBA requires that vacant bargaining unit positions be posted internally for interested employees to "bid" on. On such bid list was posted in the Tampa Bayside Center on or around September 19, 2017, offering employees the chance to bid on a temporary peak season Saturday Air Driver position. In accordance with the CBA's requirements, interested employees were selected for this Saturday Air Driver position based on their seniority date.

6. However, mere seniority alone is not sufficient for employees to work as Package Car Drivers

for UPS. Package Car Drivers by their very nature operate their vehicles in and around the communities they serve. As such, UPS's safety and training rules require that driver candidates meet certain requirements before qualifying to work in a Package Car Driver position. For example, driver candidates must obtain a DOT card, complete certain training courses, complete on road supervised rides, and satisfy other requirements.

7. The Saturday Air Driver position that was posted in the Tampa Bayside Center in September 2017 was a peak season position. Because of this, at that time the employees who bid on this position were not required to complete the more extensive training required of full-time driving candidates. For example, rather than having to complete a weeklong training course, such as those offered through UPS's Integrad facilities, the employees who bid on this temporary driving position were only required to complete a three-day training course offered locally within the Tampa, Florida area.

8. I understand that the Plaintiff, Mario Scott, and other Bayside employees including Johane Moultin, Anthony Cantu, and Victor Torres completed this three-day training course and were qualified to work as Saturday Air Drivers.

9. I understand that during the 2017 peak season, Tom Teimer, the Bayside Center Business Manager, had a need for additional drivers to deliver ground packages. Allowing Air Drivers to deliver ground packages as well would comply with the relevant provisions of the CBA.

10. As such, several peak season drivers in the Bayside Center, including Mr. Scott, were permitted to deliver both ground and air packages during the 2017 peak season. I understand that Mr. Scott worked as a Package Car Driver on approximately twelve different days in December 2017, even though he initially only bid on a Saturday Air Driver position.

11. In my position as a Labor Manager, I have access to the company's files and records regarding bargaining unit employees' labor history. These files and records were made at or near the time of the events in question by, or from information transmitted by, someone with knowledge of the facts and events recorded therein, were kept in the course of a regularly conducted activity of UPS, and making these records was a regular practice of that activity. Based on my review of Mr. Scott's labor records maintained by UPS, I can state that UPS's records do not reflect Mr. Scott as having filed a grievance in November or December 2017 regarding alleged denial of an opportunity to deliver ground packages.

12. Based on my review of Mr. Scott's and Mr. Torres' labor records maintained by UPS, I can further state that UPS's records reflect that both Mr. Scott and Mr. Torres have seniority dates of January 4, 2012.

13. After the 2017 peak season ended, in early 2018 several full-time Package Car Driver positions came open in the Bayside Center. The CBA again required that the most senior employees bidding on these positions would be given the first chance to qualify for them. Among others, Mr. Scott and Mr. Torres bid on these full-time Package Car Driver positions in early 2018. At that time, candidates for full-time Package Car Driver positions were required to complete a weeklong training course, which was necessarily longer, more extensive, and more rigorous than the type of local course completed by the temporary drivers during the 2017 peak season. Consequently, even if full-time candidates had previously completed a local, shorter training course, they were still required to complete the more comprehensive weeklong course at the time they sought a full-time promotion.

14. I understand that Mr. Scott was disqualified from an Integrad training course in January 2018. After that disqualification, he returned to his part-time Preloader position in the Bayside Center. However, the company continued to offer Mr. Scott the opportunity to complete the necessary training course and obtain a full-time Driver position, but Mr. Scott declined many of these opportunities. Many months later, however, Mr. Scott relented, completed the necessary training, and today he has been promoted to full-time Package Car Driver in the Bayside Center.

I declare under penalty of perjury that the foregoing statements are true and correct.

Executed on December 8, 2020.

Fred Dore