# Exhibit 9

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**100 SE 2ND Street, Suite 1500, Miami, Florida 33131**

| The Girley Law Firm Client Number |
|---|
| 511-2018-02498 |

EMPLOYMENT COMPLAINT OF DISCRIMINATION

RECEIVED MAR 19 2018 EEOC-MIAMI DISTRICT OFFICE

| A. PERSONAL INFORMATION | Charge No. | |
|---|---|---|
| Name<br>Mario Scott | E-Mail Address<br>Phyllis@thegirleylawfirm.com | Date of Birth<br>REDACTED |
| Mailing Address<br>125 E. Marks Street | Home Telephone Number (area code)<br>407-540-9866 | |
| City, State, and Zip Code<br>Orlando, Florida 32803 | Work (if possible to call you there)<br>N/A | |

*THIS CLIENT IS REPRESENTED BY THE GIRLEY LAW FIRM P.A.*
*(ONLY SPEAK WITH OUR OFFICE)*
*125 E. MARKS ST. ORLANDO, FL 32803*
*(407) 540-9866*
*phyllis@thegirleylawfirm.com*

**B. BUSINESS INFORMATION** (employer, labor organization, employment or government agency, etc.)

| Name | Number of Employees | Telephone Number |
|---|---|---|
| UPS Bayside | 15 or more | 813-881-8950 |
| **Street Address (Branch/Office in Florida)** | **City, State and Zip Code** | **County** |
| 5201 Eagle Trail Drive | Tampa, FL33634 | Hillsborough |

| C. CAUSE OF DISCRIMINATION BASED ON – Check appropriate box(es) | DATE MOST RECENT DISCRIMINATION TOOK PLACE (month, day, year) |
|---|---|
| ☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ DISABILITY/HANDICAP ☐ NATIONAL ORIGIN ☐ AGE ☐ MARITAL STATUS ☒ RETALIATION ☐ PREGNANCY ☐ EQUAL PAY/COMPENSATION ☐ GENETIC INFORMATION ☐ SEXUAL HARASSMENT | 11/25/2017 |

**D. DISCRIMINATION STATEMENT:**

*I believe I have been discriminated against pursuant to Chapter 760 of the Florida Civil Rights Act, and/or Title VII of the Federal Civil Rights Act, and/or the Age Discrimination in Employment Act, and/or the Americans with Disabilities Act as applicable for the following reason(s):*

I believe that my civil rights have been violated. I have been treated differently because of my race by my employer United Parcel Service (UPS). I have been employed with UPS since January 4, 2012 essentially as an unloader. In that capacity I am responsible for unloading packages from trucks that are ultimately delivered into the community by the drivers. As an unloader I am paid $ 15.00 per hour and I work an average of 25 hours per week. My goal, and the goal of most unloaders is to move up to the position of a driver. Drivers are full time employees. They are paid between $60,000 and $100,000 per year. In order for an employee to move up from an unloader position he or she must attend and successfully complete the driver-training course. On or about October 2017, I attended and successfully completed the Driver's Training Course. After I successfully completed the Driver's Training Course, I expected to be permitted to drive. Inexplicably I was not immediately permitted to drive on the road. Instead I had to repeatedly raise the issue with management.

As an employee I am also a member of the union at UPS. The bargaining agreement between the company and the union requires that an employee's seniority status be taken into consideration when the company decides such things as which employee is promoted or which employee is allowed to perform a preferred duty. This is significant because there was another unloader that completed the Driver Training Course at or near the same time that I completed it. The gentleman's name is Victor Torres. He is a Hispanic male and I am an African American male. More importantly, he has less seniority than I do, but he was permitted to start driving before me. Initially, the Human Resources Department claimed that Torres had more seniority than I had. This was later determined to be incorrect. Ultimately, I filed a grievance regarding this specific issue. The company was very unhappy with me and took steps to retaliate against me. Initially, I was told that I would be put on the road as a driver the next day if I dropped the complaint. When I refused to drop the complaint the company subjected me to a road testing process that departed sharply from that which new drivers are typically given.

The retaliation continued when the company decided to mandate that I attend a second driver-training course. To my knowledge, no other employee, specifically, none of my African American co-workers were required to attend a second driver course after they had completed the first one. The fact is that at some point the company allowed me to drive for a very short period of twelve days during the holiday period. During those twelve short days I did not have an accident or receive a traffic citation for unsafe driving. Withstanding this I was mandated to attend a secondary course. I was told, and in fact I discovered that the course was treated like a military styled boot camp. Too much emphasis was placed upon subjective, trivial things such as the color or length of the driver's belt or the appearance of his uniform. Daily inspections were held and individuals incurred negative points if their appearance did not meet the subjective expectations of the camp director. As before, I successfully completed the driving portion of the course, but I was disqualified from the course and unceremoniously sent home from for no good reason. Another African American male was also sent home because he attempted to assist me with one of the dress code issues that the director unfairly raised with me.

Again, I believe that all of these things happened to me because of my race and because I complained to management that I was being treated differently than someone who is of a different race than I am. I am an African American male and Victor Torres is a Hispanic/Latino male.

**I REQUEST TO BE AFFORDED FULL RELIEF TO WHICH I AM ENTITLED TO UNDER THE LAW(S).**

**E. VERIFICATION.** Under penalties of perjury, I declare that I have read the foregoing complaint of discrimination and that the facts stated in it are true. I will advise the agency if I change my address or telephone number and I will cooperate fully with them in the processing of my complaint in accordance with their procedures.

| SIGNATURE OF COMPLAINANT | DATE |
|---|---|
| Mario Scott | 3/19/2018 |

Received
MAR 22 2018
Tampa Field Office