# EXHIBIT 12

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**Case No. 8:19-cv-1363-T-36SPF**

MARIO SCOTT,

Plaintiff

vs.

UNITED PARCEL SERVICE,

Defendant.
_______________________________________/

**DECLARATION OF JOHN FREIWALD**

I, John Freiwald, declare as follows:

1. My name is John Freiwald. I am over the age of eighteen, am competent to testify, and the stated facts in this declaration are within my personal knowledge.

2. I have been employed by United Parcel Service, Inc. (Ohio) ("UPS") for approximately 17 years. I am currently a Facilitator at UPS's Integrad training facility located in Lake Mary, Florida, a position I have held for approximately 3 years.

3. One criteria to successfully complete the UPS Integrad Driver Service Provider Training Class is to comply with the company's Uniform and Personal Appearance Guidelines. To validate this, each morning of class there is a visual inspection of all attendee's uniform and personal appearance. Two facilitators are present for the student uniform and personal appearance inspections. Students observed not in compliance—*e.g.*, if attendees' pants are not properly creased, they have facial hair, they are not wearing appropriate shoes, etc. are notified of the exception and allowed to remain in class on the first and second days of class, giving them time to comply with the guidelines. It is standard practice to warn students not in compliance that if they fail to comply with the Uniform and Personal Appearance Guidelines by inspection on the third day of class, they will be disqualified from class.

4. I am acquainted with Mr. Mario Scott, who attended class at the Lake Mary facility in January 2018. I was one of the Facilitators for Mr. Scott and his classmates during that class. I was assigned multiple class responsibilities including the Wednesday uniform inspection for the class (which included Mr. Scott).

5. January 24, 2018 was Wednesday, the third day of the class attended by Mr. Scott. Most

students had brought their uniform and personal appearance into compliance with the guidelines. Mr. Scott, however, was still not wearing a plain leather belt, instead, wearing a worn, stitched belt that contained gray fabric. Thus, Mr. Scott failed to meet the Uniform and Personal Appearance Guidelines and I disqualified him from the class that same day. A true and correct photograph of Mr. Scott's belt worn on January 24, 2018 is attached as an exhibit to Defendant's Motion for Summary Judgment.

6. I have no knowledge of the details of Mr. Scott's employment or work performance within the Tampa Bayside Center. Additionally, I have no knowledge of any complaints, grievances, or other concerns Mr. Scott may have raised at any point regarding his work within the Bayside Center, if any, and any such complaints played absolutely no role in Mr. Scott's disqualification from training in January 2018.

I declare under penalty of perjury that the foregoing statements are true and correct.

Executed on December 8, 2020.

John Freiwald